UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS,      )    Index No.:
                                            )
                      Plaintiffs,           )    COMPLAINT
                                            )    08 CIV. 0579
         -against-                          )
                                            )
DOT CONSTRUCTION OF N.Y., INC.              )
and BEATRICE ORTEGA, Individually,          )
                                            )
                      Defendants.           )

----------------------------------------------------------------

Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as follows:

## JURISDICTION AND VENUE

1. This civil action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, dues check-off, and/or reports to the Plaintiffs in a timely fashion.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the D.C. 9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and various Employers pursuant to the terms of the Trade Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement") between the Employer and the Union. The Funds are authorized to collect contributions on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Trade Agreement and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds maintain an office for the transaction of business at 14 Saw Mill River Road, Hawthorne, NY, 10532, in the County of Westchester.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Union maintains an office and is administered at 14 Saw Mill River Road, Hawthorne, NY 10532, in the County of Westchester.

10. Upon information and belief, the Defendant, Dot Construction of N.Y., Inc. (hereinafter referred to as "Dot Construction") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, Dot Construction was a for profit domestic corporation doing business and operated at 764 Brady Avenue, Bronx, New York 10462.

12. Upon information and belief, defendant Beatrice Ortega (hereinafter referred to as "Ortega") was the President and sole shareholder of Dot Construction and after dissolution of Dot Construction was an individual doing business as Dot Construction residing at 764 Brady Avenue, Bronx, NY 10462.

## CAUSES FOR RELIEF
### AS AND FOR A FIRST CLAIM FOR RELIEF
(Plaintiffs Claim for Breach of Contract by Defendant DOT Construction)

13. Ortega on behalf of Dot Construction executed an Agreement with the Union and/or was and still is a party to an Agreement with the Union by virtue of membership in an Employer Association.

14. The Agreement and/or Trust Indenture and/or Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") requires Dot Construction to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement and the rules and regulations established in the Trust Indenture.

15. Upon information and belief, as a result of work performed by the individual employees of Dot Construction pursuant to the Agreement there became due and owing to the Funds from Dot Construction contribution reports, fringe benefit contributions and late charges.

16. Upon information and belief on or about June 2004, Dot Construction was dissolved.

17. Dot Construction has failed and refused to remit to the Funds those reports and fringe benefit contributions due and owing under the Agreement and in accordance with the Trust Indentures and Policy for the period January 1, 2001 through to and including April 2004 in the minimum amount of $188,094.60 and for the period June 2004 through April 2005 in the minimum amount of $195,538.45 and past late charges for the period January 1, 2002 through December 31, 2004 and April 2006 through June 30, 2006 in the amount of $2,918.01 .

18. The amounts described in paragraph 17 above are due and owing to the Funds and are based upon an audit that was conducted by the Funds' Office.

19. The Employer's failure, refusal or neglect to remit the proper contributions and reports and late charges to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

20. Pursuant to the Agreement and the Policy upon the Employer's failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of 2% above prime per

annum and liquidated damages at the rate of 20% of the delinquent contributions. In addition if enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including attorney's fees, auditor fees and court costs.

21. Accordingly, pursuant to the Agreement Dot Construction is liable to Plaintiffs the minimum amount of $383,633.05 in unpaid contributions, plus interest, liquidated damages, attorneys' fees, auditors' fees, late charges in the amount of $2,918.01 and court costs and disbursements.

<strong><u>AS AND FOR A SECOND CLAIM FOR RELIEF</u></strong><br>(Plaintiffs claim for Breach of Contract by Defendant Ortega)

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

23. By their terms, the Agreement, and the fact that the corporation was dissolved, personally bound defendant Ortega to assume all obligations of defendant Dot Construction. The Agreement provides, in relevant part:

> The failure of an Employer to make fringe benefit contributions or pay interest, liquidated damages or fees related thereto as provided for in this Article... shall be attributed to any officer, stockholder, partner or proprietor in actual control of said Employer, and execution of this Trade Agreement by any such person shall bind said person individually to the terms and conditions set forth herein. A default in payment of any fringe benefit contributions or pay interest, liquidated damages or fees related thereto due pursuant to this Article and Article XX and Article XXII shall follow said officer, stockholder, partner, and/or proprietor into any succeeding enterprise entered into by said person. Where the Trustees determine that an Employer is being operated in the name of the nominee, family member, successor entity or alter ego of an individual actually controlling the Employer, the Trustees may consider any default of the obligations set forth in such Articles to be the default of said controlling individual.

24. Defendant Ortega is obligated, pursuant to the Agreement to pay plaintiffs the contributions due in the minimum amount of $383,633.05 and past late charges in the amount of $2,918.01.

25. Ortega has failed and refused to remit to the Funds those reports and fringe benefit contributions for the period January 1, 2001 through April 2004 in the sum of $188,094.60 and June 2004 through April 2005 in the minimum sum of $195,538.45.

26. No part of the contributions and late charges described above contractually due Plaintiff Funds has been paid although have been duly demanded.

27. Accordingly Ortega is liable to the Plaintiff Funds in the minimum amount of $383,633.05 in unpaid contributions, plus interest, liquidated damages, attorneys fees, auditor fees, late charges in the amount of $2,918.01 and court costs and disbursements.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(Plaintiffs claims against defendant Dot Construction for ERISA obligations contractually due)

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

29. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement and Trust Indentures.

30. Dot Construction has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

31. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to Plaintiff Funds of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United

States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

32. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

33. Accordingly, Dot Construction is liable to Plaintiffs under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions and late charges and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

34. Accordingly, the Dot Construction is liable to the Funds in the minimum principal amount of $383,633.05 plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**AS AND FOR A THIRD CLAIM FOR RELIEF**
(Plaintiffs claim against Defendant Ortega for ERISA obligations contractually due)

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 34 of this Complaint as if set forth at length herein.

36. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement and Trust Indentures.

37. Ortega has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

38. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to Plaintiff Funds of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

39. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

40. Accordingly, Ortega is liable to Plaintiffs under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions and late charges and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

41. Accordingly, Ortega is liable to the Funds in the minimum principal amount of $383,633.05 plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

**WHEREFORE**, Plaintiffs respectfully prays for Judgment as follows:

against Defendant Dot Construction On the First and Third Claims for Relief:

(a) In the minimum sum of $383,633.05 representing benefit fund contributions for the period January 1, 2001 through to and including April 2004 and June 2004 through April 2005, plus interest, liquidated damages, attorneys' fees, auditors' fees, and late charges in the sum of $2,918.01 and court costs and disbursements all in accordance with the Trade Agreement and the policy for collection of delinquent contributions

Against Defendant Ortega on the Second and Fourth Claims for Relief:

> (b) In the minimum sum of $383,633.05 representing benefit fund contributions for the period January 1, 2001 through to and including April 2004 and June 2004 through April 2005, plus interest, liquidated damages, attorneys' fees, auditors' fees, and late charges in the sum of $2,918.01 and court costs and disbursements all in accordance with the Trade Agreement and the policy for collection of delinquent contributions

On all Claims for Relief:

> (c) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
January 22, 2008

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC

_____
Dana L. Henke (DLH3025)
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515